RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

2017 AUG 16 AM 10: 22

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 17-084 (DRD)

JOSE IGNACIO TORRES-NAZARIO,
Defendant.

## PLEA AND FORFEITURE AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney; José Capó-Iriarte, Assistant United States Attorney and Chief, Criminal Division; Alberto R. López-Rocafort, Assistant United States Attorney, Deputy Chief of the Narcotics Unit; and David T. Henek, Assistant United States Attorney, along with Defendant, Jose Ignacio Torres-Nazario and his counsel Sulay Rios-Fuentes, Esq. and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts One and Two.

**Count One:**

On or about January 26, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, JOSE IGNACIO TORRES-NAZARIO, the defendant herein, did knowingly and

intentionally possess with intent to distribute a mixture or substance containing a detectable amount of marihuana, a Schedule I Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

**Count Two:**

On or about January 26, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, JOSE IGNACIO TORRES-NAZARIO, the defendant herein, did knowingly possess a firearm, that is, one revolver, .38 caliber, serial number has been obliterated, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is possession with intent to distribute a controlled substance, as set forth in Count One, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). All in violation of 18 U.S.C. § 924(c)(1)(A).

2.      **MAXIMUM PENALTIES**

**Count One:** The maximum statutory penalties for the offense charged in Count One of the Indictment are: a term of imprisonment of up to five years pursuant to 21 U.S.C. § 841(b)(1)(D); a fine not to exceed $250,000 pursuant to 21 U.S.C. § 841(b)(1)(D); and a supervised release term of not more than one year pursuant to 18 U.S.C. §§ 3559(a)(5) & 3583(b)(3).

**Count Two:** The maximum statutory penalties for the offense charged in Count Two of the Indictment are: a term of imprisonment of not less than five years and up to life in prison pursuant to 18 U.S.C. § 924(c); a fine not to exceed $250,000 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years pursuant to 18 U.S.C. §§ 3559(a)(1) & 3583(b)(1).

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. Sections 3551-86 and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that Defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition

of sentence. Defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which Defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES



Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

**Count One:**

| SENTENCING GUIDELINES CALCULATIONS 21 U.S.C. § 841(a)(1) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1 (less than 1 kg of marijuana) | 6 |
| Acceptance of Responsibility: U.S.S.G. §3E1.1 | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 4 |

| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
|---|---|---|---|---|---|
| 0-6 months | 0-6 months | 0-6 months | 2-8 months | 4-10 months | 6-12 months |

**[CONTINUED ON NEXT PAGE]**

**Count Two:**

| 18 U.S.C. § 924(c)(1)(A) | |
|---|---|
| A minimum consecutive term of imprisonment of sixty months is mandatory, with a maximum of life | **60 months** (to run consecutively to the sentence imposed for Count One) |

**8.    SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the parties agree to recommend a sentence within the Guidelines as to Count One and a sentence of imprisonment of 60 months as to Count Two, to be served consecutively to Count One.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

**9.    NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

**10.   WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is sixty-six (66) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea and Forfeiture Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea and Forfeiture Agreement will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Sulay Rios-Fuentes, and asserts that counsel has rendered effective legal assistance.

## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement, he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously,

before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses, and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c), the Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property") that is, one revolver, .38 caliber, serial number has been obliterated, six rounds of .38 caliber ammunition, and one round of .40 caliber ammunition. Defendant acknowledges that he

possessed the Property in violation of Title 18, United States Code, Sections 924(c), as set forth in Count Two of the Indictment, and that the Property is therefore subject to forfeiture to the United States.

### 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT



This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. DISMISSAL OF REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss Counts Three and Four charged in the pending Indictment.

## 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**José Capó-Iriarte**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 8/11/17

_____
**Sulay Rios-Fuentes**
Counsel for Defendant
Dated: 8/16/17

_____
**Alberto R. López-Rocafort**
Assistant U.S. Attorney
Chief, Narcotics Unit
Dated: 8/10/17

_____
**Jose Ignacio Torres-Nazario**
Defendant
Dated: 8/16/17

_____
**David T. Henek**
Assistant U.S. Attorney
Dated: 8/10/17

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> that may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language, and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8\16\2012

_____
Jose Ignacio Torres-Nazario
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines that may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8\16\2012

_____
Sulay Rios-Fuentes
Counsel for Defendant

**STIPULATION OF FACTS**

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Jose Ignacio Torres-Nazario, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18, United States Code, Section 924(c) and Title 21, United States Code, Section 841(a)(1). The following is a synopsis of the facts in this case:

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Jose Ignacio Torres-Nazario, agree that the following recitals provide a true and accurate summary of the facts leading to the Defendant's acceptance of criminal responsibility for violation of Title 18, United States Code, Section 924(c) and Title 21, United States Code, Section 841(a)(1). The following is a synopsis of the facts in this case:

On January 26, 2017, at approximately 5:45 PM, agents from the Puerto Rico Police Department (PRPD), assigned to the Narcotics Division in Aibonito, Puerto Rico, executed a State issued search warrant at the residence of Jose Ignacio Torres-Nazario, located at Las Palmas Public Housing, Building #10, Apartment #90 in Coamo, Puerto Rico.

As a result of the execution of said warrant, PRPD officers searched the premises and seized six small bags, containing a total amount of 3.7 grams of marihuana, a revolver, .38 caliber, with an obliterated serial number, loaded with six rounds of .38 caliber ammunition, as well as one .40 caliber round of ammunition. Torres-Nazario admitted to agents that the revolver and marihuana belonged to him.

Torres-Nazario acknowledges that he possessed the marihuana for distribution purposes and the firearm in furtherance of a drug trafficking crime.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is

guilty as charged in Counts One and Two of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of PRPD and federal agents, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
**David T. Henek**
Assistant United States Attorney
Dated: 8/16/17

_____
**Sulay Rios-Fuentes**
Counsel for Defendant
Dated: 8\16\2017

_____
**Jose Ignacio Torres-Nazario**
Defendant
Dated: 8\16\2017